AUTO WORKERS' TEMPLE ASS'N *v.* JANSON.

1. CONSPIRACY — FRAUD — CONVICTION OF DEFENDANT SUSTAINABLE ALTHOUGH CODEFENDANT ACQUITTED.
    In an action for damages alleged to have resulted to plaintiff corporation by reason of the conspiracy of one of its members with a third party, where the proofs show that the fraud was susceptible of perpetration by the member alone, his conviction may be sustained although the other defendant was acquitted.

2. SAME—DECLARATION—COUNTS.
    Even if there should be doubt on the question of sustaining appellant's conviction where his codefendant was acquitted, it does not exist in the instant case, because his conviction is sustainable under the second count of the declaration charging that defendants defrauded plaintiff without conspiring to do so.

3. SAME—DAMAGES.
    In civil cases involving conspiracy, it is immaterial how diabolical the conspiracy is if no damage results.

4. SAME—DEFENSES.
    Where the evidence shows that plaintiff paid $4,000 more

for real estate because of defendant member's fraud than it could have been purchased for, his contention that no damage resulted to plaintiff because the land was worth what plaintiff paid for it is without merit.

5. SAME—DEFENSES.

Nor is it any defense that defendant did not realize all of the $4,000 by reason of his fraud.

6. PRINCIPAL AND AGENT—FRAUD.

Profit wrongfully made by an agent in the purchase of real estate belongs to his principal.

Error to Wayne; Shepherd (Frank), J., presiding. Submitted April 22, 1924. (Docket No. 110.) Decided June 2, 1924.

Case by the Auto Workers' Temple Association against Hans Janson and another for fraud. Judgment for plaintiff against defendant Janson. He brings error. Affirmed.

*Ignatius J. Salliotte* (*George B. Murphy,* of counsel), for appellant.

*Davidow & Davidow,* for appellee.

BIRD, J. Plaintiff is an incorporated company, its chief object being to promote the interests of those engaged in the automobile industry. Defendant Hans Janson is by trade an automobile trimmer. He was an active member of the plaintiff organization. Defendant Fred Weiss is a real estate operator in the city of Detroit.

Plaintiff association concluded to erect a temple in Detroit for the use of its members, and in pursuance of that conclusion appointed a committee of five members to select a location for that purpose. Defendant Janson was appointed a member of that committee. He became the active member and took the lead in the matter of purchasing a site, by reason of

the fact that he was well acquainted with real estate values and had dealt some in real estate. He went at once to defendant Weiss, whom he had known when they both resided in New York, and advised him that the association desired to purchase a site for a new building. They began at once to look for a location. They drove the better part of one afternoon and finally discovered a suitable lot on Beaubien street, not far from Woodward avenue, and learned from the owner that it could be purchased for $32,000. They took an option on the premises in their names, and Janson gave to the owner a check for $100 for a 10-day option. Janson then reported to the committee what he had found, and that the site could be purchased for $36,000. The location selected was examined by the committee and subsequently was purchased by the association. Janson claimed on the trial that an arrangement was made with Weiss to split the commission of $4,000, although he, at no time, disclosed to the committee that he had any pecuniary interests in the purchase. The contract of purchase was made directly with the association at the suggestion of the defendants, the vendor agreeing to pay the $4,000 commission to Weiss. After the deal was closed Janson and Weiss fell out, and Weiss claimed the entire commission. Janson then sued him and recovered a judgment for $2,000, and garnished the vendor and secured $1,000, which was still unpaid, to Weiss. Through these legal proceedings some member of plaintiff learned that defendants had made a commission of $4,000 on the purchase of the site. He reported his information to the association and this action of tort was begun against both Janson and Weiss to recover the $4,000. The case was tried and the jury found a verdict of $4,000 against Janson, but returned a verdict of not guilty as to Weiss.

Defendant Janson is now here on writ of error, claiming that the case was tried in the circuit court and submitted to the jury upon the theory of a conspiracy between defendants to defraud plaintiff, and that an acquittal of one of the parties *ipso facto* acquits the other defendant. Overlooking for the moment the second count in the declaration, and considering the question as one of conspiracy alone, we think the facts are such that the verdict against Janson alone can be sustained. The following appears to state the rule in civil suits for conspiracy:

"At the common law on the writ of conspiracy which has since become obsolete, it was necessary that at least two should be joined and found guilty. One could not be found guilty and the other acquitted. *However, in an action of the case in the nature of conspiracy, which has superseded the ancient writ of conspiracy, although several are sued, the general rule is that judgment may go against one, although the others are acquitted, as the foundation of the action is the damage and not the conspiracy.*" 12 C. J. p. 646.

"Under the common-law writ of conspiracy the allegation of conspiracy was material and substantive, because, unless established by the proof, the plaintiff failed, as it was essential that the verdict should be against two at least in order to be upheld. As the gist of the modern civil action of conspiracy is the damage and not the combination, the authorities sustain the proposition that ordinarily a verdict may be rendered against one of the defendants even though no conspiracy is proved. However, if all of the parties are joined as defendants, a verdict in favor of all but one would necessarily negative the existence of the conspiracy; and the question whether a verdict may be rendered against that one depends upon the nature of the act proved and the consequent damage to the plaintiff. A recovery cannot be had against one of the defendants alone, where the injury is such as could have been caused only by two or more of the defendants acting in concert." 5 R. C. L. p. 1106.

227—Mich.—28.

This rule has been heretofore recognized by this court. Upon the question involved it was said in *Bush* v. *Sprague,* 51 Mich. 41:

"The diversity in substance between the two counts demands notice.

"The first alleges that the defendants entered into a conspiracy to perpetrate the fraud, and then sets forth the act and things which were employed to advance and execute the conspiracy.

"The second count alleges merely that the defendants united in committing the fraud and not that they previously conspired together to effect it.

"While this distinction is not devoid of consequence, it does not affect the present question. Conspiracy is not the ground of these actions on the case. The cause of action does not result from the conspiracy, but from the thing done and the damage flowing from it. Here, it is the fraud and damage. Conspiracy, by reason of the connection it involves among conspirators, may cause individuals to be responsible, who, but for the conspiracy, would not be responsible at all."

See, also, *Scofield* v. *Clarke,* 179 Mich. 681.

Counsel recognize this rule, but argue that it applies only in cases where the offense complained of could have been committed by one of the persons charged. We think this is such a case. The proofs show that Janson himself could have purchased the property for $32,000. Suppose he had done so, and charged plaintiff $36,000, he alone would have been responsible for the fraud. The fraud was susceptible of being perpetrated by Janson alone. We think that even under the count charging defendants with conspiracy in a civil case it was within the rule of practice to convict one and acquit the other.

But even if there should be doubt on that question the declaration in the instant case contained a second count as it did in *Bush* v. *Sprague, supra.* The second count charged defendants with defrauding plaintiff without conspiring to do so. The testimony

in the case was taken under this count as well as under the count in conspiracy.    No motion was made to drive plaintiff to an election between counts, and no election was made.    Under the testimony the jury evidently arrived at the conclusion that defendant Weiss acted in good faith and that Janson was recreant to his trust.    This finding was a matter within their province and was permissible under the second count in the declaration.

But counsel argue that even if there were a conspiracy there was no damage; that the land purchased was worth the money.    That the jury found Weiss was entitled to all the commission and, therefore, no damage ensued to plaintiff by reason of the conspiracy. We are not in accord with this reasoning.    It is true in civil cases involving conspiracy it is immaterial how diabolical the conspiracy is if no damage results. But some damage did result in the instant case. Plaintiff paid $36,000 for what it should have purchased for $32,000.    Had Janson been faithful to the trust imposed in him by his principal it would have purchased the property for $32,000.    The proofs show that the vendor said anyone could purchase the lot for $32,000.    If Janson had had the common honesty that the law under such circumstances demanded of him, he could have purchased the site for plaintiff for $32,000.    It was by reason of his recreancy and his machinations that the association paid $36,000 for what it ought to have acquired for $32,000.    The simple fact that Janson did not realize as much out of his unlawful scheme as he anticipated was no fault of his.    He did realize $1,000 out of his perfidy.    He was not entitled to that sum.    He acted as an agent for plaintiff and whatever he may have wrongfully made in the transaction of the property belonged to his principal.    *Moore* v. *Mandlebaum*, 8 Mich. 442; *Salliotte* v. *Dollarhite*, 211 Mich. 269; *Moore* v. *Meade*, 213 Mich. 597; *Skibowski* v.

*McCullough,* 222 Mich. 531; *Wilson* v. *White,* 223 Mich. 497.

We think the verdict is a very just one and it will be affirmed.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.