THILCO TIMBER CO. *v.* SAWYER.

CORPORATIONS—DUTY OF DIRECTOR—FRAUD.

Where the directors of a corporation considered and de-
termined that it could not legally acquire the interest
of a cotenant in land by the purchase of a tax title there-
on, a stockholder and director engaged in the business of
purchasing tax titles did not violate any duty to the
corporation, nor was he guilty of fraud in acquiring, with
the knowledge of the directors, said tax title in his own
name.[1]

Appeal from Delta; Flannigan (Richard C.), J.
Submitted June 23, 1926. (Docket No. 12.) De-
cided October 4, 1926.

Bill by the Thilco Timber Company against Carlton
J. Sawyer to establish a trust in land. From a decree
dismissing the bill, plaintiff appeals. Affirmed.

*J. F. Carey,* for plaintiff.

*Charles E. Lewis,* for defendant.

McDONALD, J. This bill was filed for the purpose
of establishing a trust in certain tax titles which it is
claimed were acquired by the defendant in violation
of his duties as director and agent for a corporation
known as the Land & Timber Company, of which the
plaintiff is the successor. The Land & Timber Com-
pany was a Michigan corporation. It was organized
in October, 1914, and was engaged in producing and
marketing pulpwood. Its place of business was at
Escanaba, Michigan. It was a close corporation.
All of its stockholders were directors. In the opera-
tion of its business it was necessary to purchase timber

[1]Corporations, 14A C. J. § 1883 (Anno).
236—Mich.—26.

lands. In November, 1917, it purchased from Lillian Boyle for a consideration of $1,500 an undivided one-half interest in the lands described in the bill of complaint. The record title to the remaining half interest was in the name of Louise Ward, trustee. In 1920 the company acquired a tax deed to the Ward interest for the unpaid taxes of 1916. Then the directors considered the legality of the tax deed and concluded that as Louise Ward, trustee, was a cotenant of the company, it could not lawfully acquire her title through purchase at a tax sale, so they abandoned any further attempt to secure the title by that method.

The defendant, Carlton J. Sawyer, and one Ole O. Rollins were directors of the Land & Timber Company. Previous to its organization they were engaged in the land and tax title business in copartnership with Swan Johnson. They continued in that business with the consent of the Land & Timber Company. Rollins was a man of some financial worth, and though he was not active in the affairs of the Land & Timber Company, it frequently became necessary for him to advance money to save its land from being sold for taxes. There seems to have been an agreement between him and the company that he would acquire the tax titles on its lands and quitclaim to it when he was paid the amount invested with interest at seven per cent. In June, 1921, Rollins acquired a tax title to the entire interest of the land owned by the Land & Timber Company and by Louise Ward, trustee, for the unpaid taxes of 1917, and also obtained a tax certificate in May, 1921, for the taxes of 1918. This tax title to the Louise Ward, trustee, interest was considered as belonging to the partnership business which he was carrying on with the defendant and Johnson. In 1922, Mr. Rollins died. The defendant Sawyer purchased the interest of the estate in the partnership

business and also the interest of the other partner, Swan Johnson. Thus the defendant became the sole holder of the tax titles on the land in question, which included both the interest of the Land & Timber Company and that of Louise Ward, trustee. By agreement with the heirs he carried out the understanding which Mr. Rollins had with the Land & Timber Company, and released to it his tax title on its portion of the land. He retained the tax title covering the Ward interest. This title is the subject of the suit.

In 1922, the Land & Timber Company failed in business. A creditors' committee was appointed to liquidate its affairs. The Thilmany Pulp & Paper Company was its largest creditor. It purchased the assets and the proceeds of the sale were divided among the other creditors, each of whom released his claim against the Land & Timber Company. The Thilmany Company then organized the plaintiff company to take over the assets. It is claimed by the plaintiff that the tax titles in question are a part of those assets. The theory upon which this claim is based will be presently stated in discussing the questions involved. On the hearing the circuit judge dismissed the plaintiff's bill. From the decree entered, this appeal has been taken.

The question presented for consideration is whether the directors Sawyer and Rollins were guilty of fraud in connection with the transaction, or whether their official relations with the Land & Timber Company were such as to preclude them from purchasing the tax title for themselves. The material facts are not in dispute. The Land & Timber Company was not engaged in the business of buying tax titles. Rollins and Sawyer were, and though directors, they were free to purchase a tax title on any land which their company did not own, which it did not want and which was not necessary to a continuation of its corporate business. It did not want to acquire a tax title on

the land owned by Louise Ward, trustee.    Its directors had considered that matter and had decided that it could not legally acquire a tax title on the land of its cotenant.    Neither Sawyer nor Rollins, by fraud or solicitation, influenced the directors in this decision. They all knew that Sawyer and Rollins were independently engaged in purchasing tax titles for themselves. It was being done with their consent.    They did not request or authorize them to purchase this tax title for the Land & Timber Company.    They did not want it.    They knew that Rollins had purchased it and they made no objection.    The transaction was carried on openly without fraud or collusion, and with the knowledge and consent of the company, and with no understanding or expectation on its part that it was to receive any benefit.    Under these circumstances there was no duty resting on either Sawyer or Rollins to act for their corporation in acquiring this tax title; and that is the test as to their liability.    There being no such duty they were as free to acquire the tax title as they would have been if they had been strangers to the corporation.    In view of these undisputed and controlling facts, the rule invoked by the plaintiff as to the duty and liability of directors and agents of a corporation has no application.    The circuit judge correctly determined the issue.

The decree is affirmed, with costs to the defendants.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.