REITZ v. OWOSSO FINANCE COMPANY.

1. ACCOUNTING—CORPORATIONS—PAYMENT OF NOTES TO PRINCIPAL STOCKHOLDER.

Finding of trial judge that payment of 3 corporate notes to the principal stockholder of the corporation was legitimate, hence, not improper conduct as claimed by minority stockholder in suit for accounting *held*, supported by record showing that the obligations were owing.

2. CORPORATIONS—LOANS BY OFFICERS—CAR EXPENSE—SALARIES.

Plaintiff minority stockholder in suit against corporation and the majority stockholder *held*, to have failed to sustain claim that either the company or plaintiff suffered by reason of loans by the defendant stockholder to the company in the names of fictitious persons, payment of 1/2 of such defendant's monthly car allowance, or certain increases in salary, hence, the bill of complaint was properly dismissed.

3. SAME—GENERAL MANAGER OF FINANCE COMPANY—PERSONAL PROFIT—BREACH OF TRUST—ACCOUNTING.

Arrangement between plaintiff, as general manager of finance company, his assistant, and an automobile dealer, whereby 20% of loans made to the dealer was to be placed in a fund to be divided between the 3 parties, and which resulted in about 1/3 of such loans being charged off by the company, found by the trial judge on cross-bill by the company and its principal stockholder to have been a breach of trust, *held*, to have obligated the plaintiff to account to the company to the amount of the fund which had been created for the benefit of the 3 persons.

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur, Corporations §§ 817, 818.
[2] 13 Am Jur, Corporations § 415.
[3, 4, 5, 6] 13 Am Jur, Corporations § 998.
[7] 55 Am Jur, Usury § 109.

4. SAME—GENERAL MANAGER OF FINANCE COMPANY—PERSONAL
   PROFIT—ACCOUNTING.

   Transactions whereby general manager of finance company made
   a personal profit without knowledge of the company which
   made the loans, *held,* to have entitled the company to recover
   amounts of plaintiff's profits under its cross-bill for accounting.

5. SAME—GENERAL MANAGER OF FINANCE COMPANY—PERSONAL
   PROFIT—CHARGED-OFF LOANS.

   Denial of relief to finance company against its general manager
   for amounts of loans that had been charged off *held,* proper,
   where, although such loans had been made through an auto-
   mobile dealer who agreed to share 20% of such loans with the
   general manager and his assistant, and about 1/3 of such loans
   were charged off, it is not shown whether the loans were made
   to bad risks or that collection could not be made from the
   parties liable.

6. SAME—GENERAL MANAGER AND WIFE—ACCOUNTING—COTTAGES.

   General manager of finance company was properly required to
   account to the company for company moneys expended for
   materials used in a cottage constructed by the general manager
   and his wife, also a party in suit for accounting.

7. USURY—CREDIT OF PAYMENTS ON PRINCIPAL.

   The payee of a note bearing a usurious rate of interest may not
   enforce collection of any interest, and payments made thereon
   by a private individual are to be credited on principal when
   collection is sought by the payee.

Appeal from Shiawassee; Carland (Michael), J.
Submitted February 5, 1963. (Calendar No. 48,
Docket No. 49,375.) Decided March 7, 1963.

Bill by Richard E. Reitz against Owosso Finance
Company, a Michigan corporation, and Lawrence
M. Holloway for accounting and receivership. Cross-
bill, joining Maxine F. Reitz as party plaintiff and
cross-defendant, for accounting and for impressment
of trust on realty to secure payment of sums due
because of improper corporate dealings. Decree for
defendants. Plaintiff Richard E. Reitz appeals.
Defendants cross-appeal. Affirmed.

*Ralph B. Hoschner,* for plaintiff Richard E. Reitz.

*Cline & George* (*Earl J. Cline,* of counsel), for defendants.

Carr, C. J.  Pursuant to agreement between plaintiff Richard E. Reitz and defendant Lawrence M. Holloway the Owosso Finance Company was organized in January, 1952, for the carrying on of a small loan business.  Said company was capitalized at $15,000, Reitz subscribing for 70 shares of stock and Holloway for 80 shares.  At a later time said capitalization was increased to $45,000 on the basis of like proportionate subscriptions.  For some years the business was conducted by the parties with Richard E. Reitz, hereinafter referred to as the plaintiff, as manager.  Two other loan companies were organized, known as the Holly Finance Company and the Davison Finance Company.  It appears that the Owosso Finance Company owned a controlling interest in each of said corporations, and that they were operated during the period here in question under the management of the principal stockholder.

Because of difficulties occurring between plaintiff and defendant Holloway, in 1956 the former was either discharged or resigned as general manager. The present litigation was instituted in November, 1956, plaintiff filing a bill of complaint naming the Owosso Finance Company and Holloway as defendants and seeking therein an accounting and the appointing of a receiver.  Misconduct on the part of defendants was alleged, the charges in this respect being somewhat amplified in an amended bill.  Defendants filed answers denying the charges made by plaintiff, and also a cross-bill in which both defendants sought affirmative relief.

On the hearing in circuit court, which involved the taking of extended proofs, plaintiff claimed that

defendant company had improperly paid a note to Holloway in the sum of $7,000, and, likewise, another note to Mrs. Holloway in the sum of $9,000. It was further claimed that the company had improperly paid a third note for $10,000 to Holloway to enable the latter to purchase stock in the Holly and Davison finance companies. The trial judge came to the conclusion that the obligations paid were legitimate and, hence, that there was no improper conduct in that respect on the part of either defendant. The record fully supports such finding. The proofs justify the conclusion that the obligations were owing and that neither defendant was guilty of any wrongful act with reference to the payment thereof.

Plaintiff also asserted that Holloway had made loans to the company in the names of fictitious persons. There was, however, no showing that if such was the actual fact plaintiff was in any way injured thereby, nor that said transactions were not entered into with his knowledge and approval. Similar considerations are applicable to his claim of a right to recover from Holloway because the latter had insisted that plaintiff pay to him 1/2 of his monthly car allowance and also certain increases in salary. It was plaintiff's theory, apparently, that he was forced to acquiesce in such demands in order to hold his position as manager. In any event, there is no claim that he did not agree to the transactions of which he complained in court. There is nothing in the record to indicate that the company suffered because of the personal dealings between Reitz and Holloway with reference to the matters in question. We are in accord with the conclusion of the trial judge that plaintiff failed to sustain by competent proof the claims advanced by him in his amended bill of complaint. Such being the case the pleading was properly dismissed.

Defendants in their cross-bill sought affirmative relief against plaintiff on several grounds, each defendant asserting rights of recovery. Among the more serious matters involved were transactions between the Owosso Finance Company, represented by plaintiff as its manager, and Joseph Rybo, an Owosso automobile dealer. It appears that in the summer of 1955 an arrangement was made among plaintiff, his assistant Nosis, and said dealer that 20% of all loans made by the company to purchasers of automobiles from Rybo for the financing thereof should be placed in a fund to be divided among Reitz, Nosis, and Rybo in equal shares. Such an arrangement was carried out for approximately 6 months, the total amount of the loans made aggregating $73,553.38. Both Reitz and Nosis admitted receiving some payments thereunder, claiming, however, that such payments were gifts from Rybo who agreed that he would take over any repossessed cars and save the company harmless from loss.

Obviously the undertaking into which the parties entered involved the receipt of personal gains by the manager of the company and his assistant. It is equally clear that the natural tendency of the agreement was to encourage the making of loans to purchasers of automobiles from Rybo, without due regard to the interests of the Owosso Finance Company. The record indicates that approximately 1/3 of such loans were subsequently charged off by the company, a fact that would indicate that either improper loans were made or that there was no proper basis for the charge-offs. The conclusion cannot be avoided that the arrangement into which plaintiff entered was improper and that its natural tendency was subversive of the duty that he owed to the company. *Holman* v. *Moore,* 259 Mich 63. The trial judge determined that because of the breach of trust resulting from plaintiff's conduct he was

obligated to account to the company to the amount of the fund created for the benefit of himself, his assistant, and Rybo. The provision of the decree in this respect is supported by the proofs, and consistent with principles recognized by this Court in prior decisions, among which may be cited: *Auto Workers' Temple Ass'n* v. *Janson,* 227 Mich 430; *Walton* v. *Hymans,* 302 Mich 256, 265; *Roche* v. *Blair,* 305 Mich 608.

In support of his argument that plaintiff should not be held liable on the basis of the transactions between him, Nosis, and Rybo, counsel has cited *Thilco Timber Co.* v. *Sawyer,* 236 Mich 401, and *Diedrick* v. *Helm,* 217 Minn 483 (14 NW2d 913, 153 ALR 649). The Michigan decision involved the action of individuals who were directors of a corporation engaging in a business transaction in which the corporation through its governing board had determined that it could not properly participate. There was no concealment of the action of the directors in question, nor was there any fraud on their part. Apparently there was no objection from any source with reference to the course of procedure followed and this Court determined that under the circumstances no duty rested on either of said directors engaging in the business operation in question to act for and on behalf of their corporation. A comparable situation existed in the Minnesota case cited by counsel, which involved the action of directors of a savings and loan association engaging in a business venture of such character that the association could not participate therein in the conduct of its business. It was recognized by the court that an agent may be permitted to serve 2 principals if both consent. Apparently there was no question in this regard and no fraudulent conduct or concealment involved. Neither of the cases cited may be considered as in point in the instant controversy.

Here the claimed liability on the part of plaintiff resulted from acts in a series of transactions affecting the business of the company of which he was general manager.

Involving the same principle that is controlling insofar as the Rybo transactions are concerned are 2 items in smaller amounts. In one, referred to in the record as the "Primm" account, it appears that plaintiff purchased an account for the sum of $50 and caused a loan to be made to Primm for $105, making a profit on the transaction of $55 without the knowledge of the company. In another instance he sold a car costing him $250 and granted the purchaser, one Davis, a loan in the sum of $500. He also sold to Davis furniture considered worthless, and caused the company to grant a loan of $500 thereon. These transactions resulted in a loss to the company of $1,000. By the decree of the trial court the Owosso Finance Company was held entitled to recover such amounts from plaintiff, and properly so.

It was the claim of the cross-plaintiff company on the hearing in circuit court that Reitz should be held liable for the amount of loans to purchasers of cars from Rybo which were subsequently charged off. The trial judge concluded that the claim was not established by competent proof and no evidence was offered as to efforts made to effect collection. As above suggested, the action of the company suggests 1 of 2 possible conclusions: First, that a large proportion of the Rybo customers to whom loans were made were bad risks, or; second, that the company was not in position to assert that collection could not be made from the parties liable. The trial judge denied cross-plaintiff company the right to recover against cross-defendant, and the absence of specific proof relating to this phase of the controversy justified such action.

The decree entered required plaintiff to pay to the company moneys that had been expended for the purchase of materials used in a cottage constructed by plaintiff and his wife, and that cross-plaintiffs Holloway were entitled to recover on notes given to them by Reitz. Said notes bore a usurious rate of interest and the court was right as a matter of law in holding that cross-defendant Reitz was entitled to deny liability for the payment of any interest, and that certain payments that had been made should be credited on principal. The decree was properly limited accordingly.

Other matters discussed in the briefs of counsel have been considered but on examination thereof we are satisfied that the trial judge correctly determined the questions presented. A discussion of the factual situation therein would serve no useful purpose. The decree is affirmed. Cross-plaintiffs may have costs.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.