BLOSS *v.* PARIS TOWNSHIP.

1. Conspiracy—Definition.
   A conspiracy is a combination of 2 or more persons, by some concerted action, to accomplish a criminal or unlawful purpose or a purpose not unlawful by criminal or unlawful means.

2. Same—Civil Action—Damages.
   The gist or gravamen of a civil action for damages resulting from wrongful acts committed in pursuance of a conspiracy is not the conspiracy but the wrongful acts causing damages.

3. Same—Damages—Action.
   Conspiracy standing alone without the commission of acts causing damage would not be actionable.

---

References for Points in Headnotes
[1] 16 Am Jur 2d, Conspiracy § 1.
[2, 3] 16 Am Jur 2d, Conspiracy § 44.
[4, 5] 5 Am Jur 2d, Appeal and Error § 853.
[6–8] 16 Am Jur 2d, Conspiracy § 58.

4. APPEAL AND ERROR—SUMMARY JUDGMENT—PLEADING.

All facts well pleaded by the party against whom a summary judgment is granted must be taken as true on appeal from the summary judgment.

5. JUDGMENT—SUMMARY JUDGMENT—HARSH REMEDY.

Summary judgment is a harsh remedy and all doubts should be resolved in favor of the party against whom the judgment is entered.

6. CONSPIRACY—DAMAGE—PLEADING.

Paragraphs of complaint for conspiracy to put plaintiff out of the outdoor theater business which alleged that law-enforcement officials seized 2 films and all the funds in the cash register of the concession stand, and that a TV photographer accompanied the police to the arrest and took pictures which were shown on the evening news did not allege conspiracy, since the films were seized by law-enforcement officials in the exercise of their duties and they were not named defendants or other conspirators, and the complaint failed to allege acts committed by the named defendants, a township and its officers and trustees and 5 private persons, which caused the closing of the theater and resulting damage.

7. SAME—CIVIL ACTION—PLEADING.

Allegation in complaint for conspiracy to put plaintiff out of business against township, its officers and trustees, and private persons including landowner on which plaintiff's business, an outdoor theater, was located, that landowner attempted to have plaintiff turn his theater over to other persons, under inducement of township officials, was a conclusion without well-pleaded facts, and failed to show in what way the attempt or its purpose was unlawful.

8. SAME—PLEADING—ADMISSION.

Allegation in plaintiff's pleadings in action against township, its officers and trustees, and private persons for conspiracy to put plaintiff out of theater business that his theater was closed by court order following a hearing is an express admission that the closing of his theater and resulting damage was not caused by acts of a conspiracy but by action of a court as a result of legal proceeding.

Appeal from Kent; Searl (Fred N.), J. Submitted Division 3 November 7, 1967, at Grand

Rapids.   (Docket No. 2,585.)   Decided March 29, 1968.

Complaint by Floyd G. Bloss against Paris Township, and Peter Lamberts, John Van Dyke, Cyrus Fisher, Kitchener Tassell, Robert Ide, Dale Heyboer, Preston Miller, its officers and trustees, and Ben Van Dam, Lucille Van Dam, Anthony Janesick, Johanna Janesick, and Leroy Wint, claiming statute and township resolution requiring annual license to operate outdoor theater are unconstitutional and requesting an injunction restraining the township from enforcing the terms of the resolution, and amended to include count charging conspiracy. Summary judgment for defendants on conspiracy count.  Plaintiff appeals.  Affirmed.

*Himelstein & Ward* (*James D. Lovewell,* of counsel), and *Graham & Johnson,* for plaintiff.

*Vander Veen, Freihofer & Cook,* for defendants Paris Township and township officers.

*Cheff, Servaas & McCargar,* for defendants Van Dam.

Holbrook, J.   The background of this case from the beginning is necessary for a proper understanding of the issue raised on this appeal as a result of the granting of summary judgment dismissing the conspiracy counts in plaintiff's amended complaint.

Plaintiff, Floyd G. Bloss, doing business as Stardust Drive-In Theatre, operated his outdoor theater in the township of Paris, Kent county, Michigan, in 1963, 1964, and the forepart of 1965 under annual

licenses[1] issued by the township. In April, 1965, the township refused to grant plaintiff's application for renewal of the license. Plaintiff on April 30, 1965, commenced an action against Paris township and its officers and trustees, claiming the statute and resulting township resolution in question were unconstitutional and requesting an injunction restraining the township from enforcing the terms of the resolution. The defendants answered the complaint and filed a counterclaim requesting an injunction restraining plaintiff from operating the theater because (1) he had no township license and (2) the theater as conducted by plaintiff constituted a public nuisance.

On May 28, 1965, after a hearing with testimony taken, the trial court determined that plaintiff was operating a public nuisance because plaintiff's acts of showing adult movies at the outdoor theater were visible and viewed by children from public ways and the backyards of neighbors. The trial court granted a temporary injunction restraining plaintiff from operating the theater until further order of the court. After a further hearing, on July 9, 1965, the trial court entered a temporary order permitting plaintiff to operate the theater under restrictions as to the type of movies that could be shown.

Another hearing was held with testimony taken on motion of the defendants, and on August 19, 1965, the trial court entered a temporary injunction restraining plaintiff from further operating the theater for the reason that plaintiff had resumed the showing of adult movies.

The pretrial statement was filed December 27, 1965, wherein plaintiff was granted the right to file

---

[1] Annual periods from May 1 to May 1 pursuant to the 1956 resolution of township board as provided by CL 1948, § 431.201 (Stat Ann 1957 Rev § 18.471) and CLS 1961, § 431.202 (Stat Ann 1957 Rev § 18.472).

an amended complaint within 15 days adding a count founded on conspiracy.

On January 14, 1966, plaintiff filed his amended complaint adding counts of alleged conspiracies seeking $250,000 in damages. Plaintiff therein named Paris township and Peter Lamberts, John VanDyke, Cyrus Fisher, Kitchener Tassell, Robert Ide, Dale Heyboer, and Preston Miller, officers of Paris township, as coconspirators with Ben Van Dam and Lucille Van Dam, Anthony Janesick and Johanna Janesick, and LeRoy Wint. The Van Dams have a home adjoining the outdoor theater of plaintiff. Mrs. Janesick is the owner of the outdoor theater property which was leased to plaintiff. Mr. Janesick acted in the matter with power of attorney from his wife. Mr. Wint was an agent of the Janesicks who is charged with attempting to dispossess the plaintiff. The gist of the conspiracies charged in plaintiff's amended complaint was that the defendants conspired to put him out of business.

On January 21, 1966, defendants Paris township and the officers and trustees of the township filed a motion for summary judgment of dismissal of the conspiracy counts for the reason that plaintiff had failed to state a cause of action. GCR 1963, 117.2. Other defendants on January 25, 1966, joined in the motion.

On January 25, 1966, the trial court, pursuant to GCR 1963, 505.2, ordered a separate trial for plaintiff's count 1 and defendants' counterclaim. This trial was commenced February 1 and completed February 14, 1966.

On February 28, 1966, the Honorable Fred N. Searl, circuit judge, filed his opinion determining that plaintiff's manner of conducting the outdoor theater constituted a public nuisance. Further, that when given an opportunity during pendency of the

suit to operate the theater properly, plaintiff disregarded the court's order and resumed the showing of adult movies. The trial court determined that it would be impossible to allow plaintiff to operate the outdoor theater without such operation resulting in a public nuisance and ordered the abating of the public nuisance by enjoining the operation of the theater by plaintiff.

On March 15, 1966, judgment in accord with the opinion of the court was entered. The plaintiff made application for leave to appeal direct to the Supreme Court which was granted by an order of the Supreme Court, June 13, 1966.[2] Plaintiff's application to dissolve the trial court's injunction was denied.

On June 27, 1966, after a hearing, the trial judge filed his opinion granting defendants' motion for summary judgment of dismissal of the conspiracy counts in plaintiff's amended complaint. Plaintiff appeals to this Court and raises 1 question for review as follows: *Should summary judgment on the pleadings have been granted by the trial court in the within cause?*

The trial judge in his opinion on the motion for summary judgment stated in part as follows:

"In *Fenestra Incorporated* v. *Gulf American Land Corporation,* 377 Mich 565 (Decided April 5, 1966), the Supreme Court said at p 593:

" 'A conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a purpose not unlawful by criminal or unlawful means. *Veriden* v. *McLeod* (1914), 180 Mich 182. In addition, at the core of an actionable civil conspiracy is a question of damages. This facet of the law of

---

[2] Decision on this appeal was made April 1, 1968. See 380 Mich 466.

conspiracy is accurately summed up in the case of
*Roche* v. *Blair* (1943), 305 Mich 608, 613, 614: "The
law is well established that in a civil action for
damages resulting from wrongful acts alleged to
have been committed in pursuance of a conspiracy,
the gist or gravamen of the action is not the con-
spiracy but is the wrongful acts causing the dam-
ages.  *The conspiracy standing alone without the
commission of acts causing damage would not be
actionable.  The cause of action does not result from
the conspiracy but from the acts done.'*  In the case
of *Auto Workers' Temple Ass'n* v. *Janson* (1924),
227 Mich 430, 433, the point is made more succinctly:
the foundation of the action is the damage and not
the conspiracy.'

"It is not necessary to determine whether the acts
of the defendants alleged in counts II and III would
under any circumstances be actionable.  *They are
not the cause of whatever damage plaintiff may
have suffered by reason of the closing of his theater.*

"Such damage resulted solely from the orders of
this court, namely, the temporary injunctive order
of May 28, 1965, the temporary injunctive order of
August 19, 1965, and the judgment of this court of
March 15, 1966.  For these orders and judgments
the defendants cannot be held liable in damages."
(Emphasis supplied.)

Now it is true as contended by plaintiff that upon
appeal from an order granting summary judgment,
all facts well pleaded by the party against whom
such order is granted must be taken as true.  Also,
the granting of a summary judgment is a harsh
remedy and all doubts should be resolved in favor
of the party against whom such judgment is entered.
*Durant* v. *Stahlin (Appeal in re Van Dusen, Elliott,
Romney)* (1965), 375 Mich 628.

Plaintiff refers in his brief to certain allegations
contained in his amended complaint asserting that

if they are found to be true, a conspiracy is established. They are as follows:

"i. As further evidence of conspiracy on part of defendants to harrass plaintiff out of business, plaintiff shows that two Hollywood films were seized by the law-enforcement officials on the night of the arrest on May 10, 1965, with Peter Lamberts and Kitchener Tassell present in the vicinity at the time of arrest; that all funds located in the cash register in the concession booth were seized by a law-enforcement official, put into the law-enforcement official's pocket without giving plaintiff's employees a receipt therefor, and said sums have never been returned to plaintiff.

"j. As further evidence of conspiracy on the part of the defendants and others to harrass plaintiff out of business, plaintiff shows that on the night of the arrest of May 10, 1965, a TV photographer from a Grand Rapids television station accompanied the police officers and a deputy prosecutor who was likewise present at the scene of arrest, which arrest occurred approximately at 9:30 p.m.; that photographs were taken of the arrest and appeared on the 11:15 news of a Grand Rapids television station; that a report of said arrest was made in the Battle Creek Inquirer newspaper on a subsequent date which report was wholly inaccurate and false and reported that plaintiff was 'once again arrested for showing obscene movies.'"

It is apparent that the Hollywood films were seized by law-enforcement officials in the exercise of their duties. The law-enforcement officials are not named as defendants or conspirators. Plaintiff fails to allege any conspiracy in these 2 paragraphs but does complain of some official acts of law-enforcement officials and certain reports given by the news media, i.e., the press and a TV station.

Also, in plaintiff's brief he refers to paragraph 30 of count 4 of his amended complaint which is as follows:

"That said defendant Janesick has attempted to have plaintiff turn the theater over to John V. Whitman and others, under inducement of the defendant township officials."

This allegation is a conclusion and fails to measure up to "facts well pleaded." It also fails to indicate in what way this "attempt" was illegal or in what manner the purpose sought to be accomplished was unlawful.

The other allegations of plaintiff in his amended complaint are likewise insufficient for similar reasons.

In order to justify plaintiff's cause to be heard on the merits, the allegations contained in his amended complaint must allege acts committed by the defendants and other conspirators that *caused* the closing of his theater and the resulting claimed damage. *Fenestra Incorporated* v. *Gulf American Land Corporation, supra.* Not only did he fail to so allege such acts causing the closing but on the contrary he asserted in paragraphs 7 and 11 of count 2 of his amended complaint that his theater was closed by court order following a hearing at a time prior to filing his amended complaint. Also plaintiff sets forth in his brief on this appeal that his theater was closed by court order. Thus plaintiff has expressly admitted in such pleadings that the closing of his theater and resulting damage of which he complains was not caused by the acts of the claimed conspiracy but by the action of a court as a result of a legal proceeding after hearings had been held with testimony taken.

Plaintiff cites the case of *Calcutt* v. *Gerig* (CA6, 1921), 271 F 220 (27 ALR 543), as substantiating

his position in the instant case. In the *Calcutt Case,* plaintiff brought an action to recover damages for an alleged wilful, malicious, and unlawful conspiracy of defendants to injure plaintiff and his property and compel him to leave town. The plaintiff was the operator and manager of a minstrel show known as the Old Kentucky Minstrels. Plaintiff had obtained a license to exhibit his show in Dyersburg, Tennessee, and alleged that the defendants entered into a wicked, wilful, malicious, and unlawful conspiracy to oppress, threaten, intimidate, and injure or kill plaintiff; break up his show; ruin his business; destroy his property; and scatter or drive his employees out of town and that in pursuance of this conspiracy they notified him that he would not be permitted to show in Dyersburg and that he had to move his show out of town; that while he and his wife were selling tickets, the defendants broke up his show and scattered his money and tickets; that a mob resulted and that plaintiff was taken to the mayor's office where he was threatened with bodily injury and destruction of his property and was required to take back the money that he had paid for the privilege of giving the performance. The plaintiff alleged that he was deprived of exercising his rights and privileges as a citizen of the United States; that he was prevented from giving a performance in the city of Dyersburg; that he was caused much loss of time and money; that he was forced to distribute a considerable amount of money among various people and was compelled to take down his tent and move his show out of town. The defendants appealed a verdict for plaintiff claiming that there was no evidence tending to establish a conspiracy. The court in answer to this claim stated as follows (pp 222, 223):

"Evidence was offered on the part of the plaintiff tending to establish each and all the material averments in his amended declaration. The evidence offered on the part of the defendants was in direct conflict therewith. The credibility of the evidence was therefore a question for the jury. If the jury believed the evidence offered on the part of the plaintiff, it could arrive at no rational conclusion, other than that the conduct of plaintiffs in error was in furtherance of a definite plan and conspiracy to injure plaintiff in his person and property and deprive him of his rights as an American citizen to conduct this legitimate business in the city of Dyersburg without hindrance or molestation."

The court also said on p 223:

"If this plaintiff was violating any legal rights of the farmers, or of any other class of citizens, they had a remedy at law or in equity; but *the law does not tolerate mob violence,* no matter how offensive the show might have been to some or all of the citizens of Dyersburg." (Emphasis supplied.)

In the instant case the defendants complained to their elected officials in order to have a nuisance abated. They did not take the law into their own hands, they did not constitute a mob, they did no physical harm to plaintiff or his property and they did not close his theater. The case cited by plaintiff is not applicable because the facts are not analogous.

We conclude that the plaintiff failed to allege in his amended complaint any acts of conspiracy which caused the closing of his theater and the resulting claimed damages.

Affirmed. Costs to defendants.

LESINSKI, C. J., and BURNS, J., concurred.