**Thomas K. ABSHIER, Plaintiff,**

v.

**Michael TICHVON and Doug McCallister, Michigan State Troopers, and Victor Moyles, Shiawassee County Sheriff, John Doe, Shiawassee County Deputy Sheriff, James Roe, Deputy Sheriff of Shiawassee County, Jointly and Severally, Defendants.**

**No. 79–40241.**

United States District Court,
E. D. Michigan, S. D.

Aug. 22, 1980.

against a Sheriff charging misconduct or neglect of office by the Sheriff or the Sheriff's deputies," M.C.L.A. 600.5805(5). With certain other exceptions not applicable here, the period of limitations "for all other actions to recover damages.... for injury to a person" is three (3) years, M.C.L.A. 600.-5805(8).

The Sixth Circuit has produced conflicting case law on whether the two or three—year period applies. In *Mulligan v. Schlachter*, 389 F.2d 231 (6th Cir. 1968), Plaintiff brought an action under 42 U.S.C. §§ 1983 and 1985, based on an allegedly unlawful arrest. The Court considered the action as one for false imprisonment, malicious prosecution, or misconduct of a Sheriff or his deputies, and held that the two–year statute applied. *Accord, Carmicle v. Weddle*, 555 F.2d 554 (6th Cir. 1977).

Curiously, both the *Mulligan* and *Carmicle* Courts overlooked an older case, *Krum v. Sheppard*, 255 F.Supp. 994 (W.D.Mich. 1966), *aff'd*, 407 F.2d 490 (6th Cir. 1967). Here, too, Plaintiff complained of malicious prosecution and of an allegedly unlawful search and arrest. In an opinion that was adopted by the Sixth Circuit, Judge Fox held that the Plaintiff's claim was one for injuries to the person and carried a three—year limitations period. The Court noted that one could argue the application of the two–year malicious prosecution period, but stated that Plaintiff's cause of action under the Civil Rights Act "is of broader nature than a tort action ... and consequently should not be governed by the shorter two—year statute of limitations." 255 F.Supp. at 996, fn. 1. This approach–of looking at a § 1983 action as a claim based on injury to the person due to the invasion of one's civil rights, rather than as a claim based on the underlying facts–has been followed by a number of Courts, *Gordon v. City of Warren*, 415 F.Supp. 556 (E.D.Mich.1976), rev'd on other grounds, 579 F.2d 386 (6th Cir. 1978) (Court noting at 391 that Civil Rights Actions carry the three–year limitations period); *Madison v. Wood*, 410 F.2d 564 (6th Cir. 1969); *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973).

Sherwin Tukel, Detroit, Mich., for plaintiff.

Thomas J. Doyle, Flint, Mich., Brenda E. Turner, Asst. Atty. Gen., Lansing, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Plaintiff filed this action under 42 U.S.C. § 1983 alleging that he was beaten by two (2) unnamed Shiawassee County Sheriff's Deputies and by two (2) Michigan State Police Officers, while he was being held in the Shiawassee County Jail. Defendant Moyers was Shiawassee County Sheriff at the time.

The alleged incident occurred in May, 1977; the suit was commenced approximately 2½ years later. The Shiawassee County Defendants have brought a Motion to Dismiss, based on the Statute of Limitations. Because 42 U.S.C. § 1983 has no statute of limitations, the Court must look to the appropriate state statute. *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973).

The Michigan statute provides a two—year limitations period for "actions charging assault, battery, or false imprisonment," M.C.L.A. 600.5805(2), or for "an action

The reasoning of *Krum* is sound. To characterize Plaintiff's claims as mere torts of assault and negligence is to ignore the constitutional import of the allegations. Paraphrasing *Krum*, if an assault and negligence were all that were involved, Plaintiff would be left to an action in tort in the state court. 255 F.Supp. at 997. The wrong alleged however, is a *constitutional* wrong. As such, it does not fit neatly into the limitations periods Defendant suggests; it overwhelms them.

This Court therefore holds that Plaintiff's action is governed by Michigan's three–year statute of limitations. Defendants' motion to Dismiss is DENIED.

IT IS SO ORDERED.