Myrtle SCHREIBER, Fannie London, Rose G. Smilay and Alex Schreiber, Plaintiffs,

v.

LOEW'S INCORPORATED, a Delaware corporation; Paramount Pictures, Inc., a New York corporation, et al., Defendants.

Don HARLO, Plaintiff,

v.

LOEW'S INCORPORATED, a Delaware corporation; Paramount Pictures, Inc., a New York corporation, et al., Defendants.

Civ. A. Nos. 2164, 2191.

United States District Court
W. D. Michigan, S. D.
Jan. 4, 1957.

Seymour F. Simon, Chicago, Ill., Elden W. Butzbaugh, Benton Harbor, Mich., for plaintiffs.

Clayton F. Jennings, Lansing, Mich., Rockwell T. Gust and David A. Howell, Detroit, Mich., for defendants.

KENT, District Judge.

These actions arise under the anti-trust laws of the United States[1] for damages alleged to have been sustained by the plaintiffs in the operation of certain theatres. Plaintiffs Schreiber, et al. are the successor owners of the Three Rivers Rialto Theatre in Three Rivers, Michigan, from December 25, 1935, until August 16, 1938. Plaintiff Harlo was the owner and operator of the Harlo Theatre in St. Joseph, Michigan, "from July 1, 1944 up to and including the present time" (paragraph 2 of the complaint which was filed February 5, 1953).

The defendants are distributors of motion pictures and owners of chains of motion picture theatres with the exception of Butterfield Michigan Theatre Company and W. S. Butterfield Theatres, Inc. All of the defendants were alleged to be parties defendant in the case entitled United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, which was an anti-trust action commenced on July 20, 1938, and terminated completely on February 8, 1950, when the last final decree was alleged to have been entered. Final decrees had previously been entered against R.K.O. Pictures on November 8, 1948, and against Paramount Film Distributing Corporation on March 3, 1949.

Paramount Pictures Inc., a New York corporation, one of the parties defendant in each of the actions was admittedly dissolved as a corporation under the provisions of the laws of the State of New York a substantial period of time prior to the commencement of these actions.

All of the defendants have joined in motions to dismiss on the ground that both actions are barred by the provisions of the Michigan Statutes relative to limitations of actions. Michigan Statutes Annotated § 27.605, Comp.Laws 1948, § 609.13, provides in part as follows:

"Sec. 27.605. Limitations of personal actions; * * *.

"Sec. 13. All actions in any of the courts of this state shall be commenced within 6 years next after the causes of action shall accrue, and not afterward, except as hereinafter specified: Provided, however, * * *

"2. Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within 3 years from the time said actions accrue, and not afterwards;"

The first question before the court in each case is whether plaintiffs are bound by the general six year provision of the above quoted statute or by the specific three year provision, which turns on a determination of whether the Clayton Act, 15 U.S.C.A. § 12 et seq. which gives a right of action to one who has been "injured in his business or property," § 15, has the same connotation as the limitation of action provision of the cited Michigan statute which requires plaintiffs to bring "actions to recover damages

---

1. 15 U.S.C.A. §§ 1–7; 15 U.S.C.A. § 12 et seq.

for injuries to person or property * * within 3 years."

Counsel have cited us to and the court has examined numerous state statutes relating to limitation of actions and the interpretation by various and sundry state and federal courts of these statutes of limitations as they relate to the meaning of "business" and "property" and whether these terms are synonymous.

It is clear that state law will govern as to limitations and the decisions of state courts must be followed to determine to what actions certain limitations apply. However, the nature of an action under the anti-trust law has been held to be a matter to be determined solely by federal law. Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 1942, 128 F.2d 645; Glenn Coal Co. v. Dickinson Fuel Co., 4 Cir., 1934, 72 F.2d 885, and Williamson v. Columbia Gas & Electric Corp., D.C.Del.1939, 27 F.Supp. 198. However, certain of the courts have not been consistent in following the above announced rule as appears in Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912; Christensen v. Paramount Pictures, Inc., D.C.Utah 1951, 95 F.Supp. 446; Jaeger Research Laboratories v. Radio Corporation of America, 3 Cir., 1937, 90 F.2d 826; Northern Kentucky Telephone Co. v. Southern Bell Telephone & Telegraph Co., 6 Cir., 1934, 73 F.2d 333, certiorari denied 294 U.S. 719, 55 S.Ct. 546, 79 L. Ed. 1251. Two Michigan cases have been cited which would appear to be applicable to the present situation. Sweet v. Shreve, 1933, 262 Mich. 432, 433, 247 N.W. 711 and American Surety Co. v. McKiearnan, 1943, 304 Mich. 322, 8 N.W.2d 82, 145 A.L.R. 1235.

The Sweet case, supra, was a suit for damages for fraud perpetrated upon the plaintiff when the plaintiff purchased a boarding house. It was the defendant's contention that the injury was within the "injury to person or property" section of the Michigan statute relating to the limitation of actions, above cited, and that plaintiff's case was thereby barred because more than three years had elapsed since the cause of action accrued. The court commented that some testimony indicated that the action was commenced within one and one-half years after discovery of the fraud but the court stated, 262 Mich. at page 435, 247 N.W. at page 712:

"Furthermore, we do not believe that the present action constitutes one for injuries to person or property. It is a suit brought for the recovery of damages caused plaintiffs as a result of fraudulent representations made by defendants. Previous Michigan decisions have assumed that actions for fraud are covered by the general six-year limitation in section 13976. See Holman v. Moore, 259 Mich. 63, 67, 242 N.W. 839; Ramsey v. Child, Hulswit & Co., 198 Mich. 658, 667, 165 N.W. 936; Armstrong v. Rachow, 205 Mich. 168, 179, 171 N.W. 389. While there are some authorities in other jurisdictions to the contrary and it may be claimed that the precise point here involved was not carefully considered in the cases cited, we believe the correct rule to be that, where the damages claimed are not for injuries to *specific* property, subsection 2 of section 13976, C.L.1929, does not apply, but the action may be brought within the general six-year provisions in section 13976, C. L.1929."

In the American Surety case supra plaintiff surety company had paid its liability under the terms of a certain bond on the defendant who had embezzled funds. Plaintiff then took a note from the defendant on which the suit in question was based. It was defendant's claim that the debt evidenced by the note was discharged by his bankruptcy. The court held that the suit was a suit on a note, but that plaintiff was nevertheless entitled to rely upon defendant's tort, i. e. willful conversion as defeating the claimed discharge in bankruptcy. The court thus held that the willful conver-

sion of money was an injury to property within the meaning of the Bankruptcy Act, Title 11 U.S.C.A. § 35.

■ From the Michigan cases it appears that the present action cannot be neatly labelled or clearly defined in any way that is helpful toward determining the applicability of the Michigan Statute relative to limitations of actions. It would appear that a proper construction of the statute in question would be; any case not clearly otherwise provided for must come within the six-year limitation. Thus the question before the court is whether the present action under the anti-trust laws is clearly provided for by subsection 2 of Section 27.605, M.S.A.

This court is of the opinion that the distinction drawn by a ·distinguished jurist is conclusive in the proper definition of this action. In Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, at page 398, 27 S.Ct. 65, at page 67, 51 L.Ed. 241, Mr. Justice Holmes, delivering the opinion of the court, stated as follows:

"It was pressed upon us that formerly the limitations addressed themselves to forms of action; that actions upon the case, such as this would have been, were barred in three years, following Stat. 21 Jac. I, chap. 21, § 3, and that when a change was necessitated by the doing away with the old forms of action, it is not to be supposed that the change was intended to affect the substance, or more than the mode of stating the time allowed. Of course, it was argued also that this was an injury to property, within the plain meaning of the words. But we are satisfied, on the whole, and in view of its juxtaposition with detention and conversion, that the phrase has a narrower intent. It may be that it has a somewhat broader scope than was intimated below, and that some wrongs are within it besides physical damage to tangible property. But there is a sufficiently clear distinction between injuries to property and 'injured in his business or property,' the latter being the language of the act of Congress. A man is injured in his property when his property is diminished. He would not be said to have suffered an injury to his property unless the harm fell upon some object more definite and less ideal than his total wealth. A trademark, or a trade name, or a title, is property, and is regarded as an object capable of injury in various ways. But when a man is made poorer by an extravagant bill we do not regard his wealth as a unity, or the tort, if there is one, as directed against that unity as an object. We do not go behind the person of the sufferer. We say that he has been defrauded or subjected to duress, or whatever it may be, and stop there. It was urged that the opening article to which we have referred expressed an intention to bar all civil actions, but that hardly helps the construction of any particular article following, since the dragnet at the end, 2776, catches all cases not 'expressly provided for.' On the whole case we agree with the court below."

■ For this reason this court is satisfied that the plaintiffs are not bound by the three-year provision of the Statute of Limitations and that the action may be commenced at any time within six years after the cause of action has accrued.

In view of the conclusion that the court has reached relative to the application of the Michigan Statute of Limitations it is unnecessary to determine the effect of the decrees entered against certain of the defendants in the Paramount Pictures case since less than six years passed prior to the filing of these actions, and clearly the statute of limitations had been tolled by Section 5 of the Clayton Act, Title 15 U.S.C.A. § 16, which provides in part:

"Whenever any suit or proceeding in equity or criminal prosecution is instituted by the United States to prevent, restrain, or punish viola-

tions of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit or proceeding shall be suspended during the pendency thereof."

■ The courts seem to have uniformly held that the tolling effect of the above quoted statutory proviso does not extend to defendants not parties to the government action. Levy v. Paramount Pictures, D.C.Cal.1952, 104 F.Supp. 787; Momand v. Universal Film Exchanges, 1 Cir., 1948, 172 F.2d 37, certiorari denied 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118; Christensen v. Paramount Pictures, Inc., D.C.Utah 1951, 95 F.Supp. 446.

It is agreed by all counsel that Butterfield Michigan Theatre Company and W. S. Butterfield Theatres Inc. were not named as parties defendant nor as co-conspirators in United States v. Paramount Pictures, Inc., supra.

■ In Civil Action 2164 the plaintiffs allege that they, as successors in interest to the Three Rivers Rialto Theatre, a Michigan corporation, claim damages alleged to have been sustained by said corporation from December 25, 1935 to August 16, 1938. Since no cause of action could have arisen and no damages could have been suffered subsequent to September 1, 1938, the date on which the corporation was dissolved, the action must be dismissed as to the defendant Butterfield Michigan Theatre Company and defendant W. S. Butterfield Theatres, Inc., the statute of limitations not having been tolled as to those defendants.

In Civil Action No. 2191 the plaintiff operated the theatre in question from July 1, 1949 until the commencement of the action in question. The allegation of damage relates to the period until at least January 1, 1950.

The Court having previously ruled that the six-year statute of limitations is applicable to this action it is not important whether the statute of limitations was tolled as to the Butterfield defendants. For this reason the motion to dismiss as to plaintiff Don Harlo by defendants Butterfield Michigan Theatre Company and W. S. Butterfield Theatres Inc. must be denied.

There is left one question relating to the service of process upon Paramount Pictures Inc. Paramount Pictures Inc. was dissolved as a corporation under the laws of the State of New York on December 30, 1949, and a notice of withdrawal from the State of Michigan was filed and became effective on January 11, 1950. Admittedly, this defendant has not done any business within the State of Michigan since that time and having been dissolved it could not be present in the State of Michigan.

Plaintiffs, however, rely on Meehl, for Use of Eagle Indemnity Co. v. Barr Transfer Co., 1943, 305 Mich. 276, 9 N.W.2d 540, wherein the defendant, a corporation existing under the laws of a foreign state not licensed to do business in Michigan, operated a motor vehicle within the territorial limits of the State of Michigan. The motor vehicle was involved in a traffic accident which gave right to a suit for damages by the injured party. During the period between the occurrence of the accident and the institution of the suit the defendant corporation had been dissolved under the laws of the state in which it was organized. The Supreme Court of Michigan held in substance that a defendant operating a motor vehicle within the State of Michigan was subject to service of process in accordance with the provisions of the Michigan statute relating to nonresident motorists so long as it was subject to service of process under the laws of the state which gave it a right to exist, regardless of the fact that by law it had been dissolved though it was still subject to service of process in the state of domicile.

Defendant Paramount Pictures, Inc., claims that the matter is controlled by the provisions of Title 15 U.S.C.A. § 22—

"§ 22. District in which to sue corporation. Any suit, action, or

**324**

proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

█ In effect the plaintiffs claim that the statutes applicable to this situation should be interpreted to read "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business *or has done business in such a manner as to create a claimed cause of action.*" However, the provisions of the venue section of the Clayton Act, Title 15 U.S.C.A. § 22, and the provisions of the general venue statute Title 28 U.S.C.A. § 1391(c) are phrased in the present tense, and do not give any right except as a corporation may be found actually present in or doing business in a state.

█ At the time of the commencement of this action Paramount Pictures Inc. was not doing business within the meaning of the venue statutes in *any* state although it was subject to the service of process in the State of New York. For the above reasons the motion to dismiss by the defendant Paramount Pictures Inc. is granted.

██ There remain only certain non-briefed motions to strike certain allegations in the complaints. The court is satisfied that the allegations relating to the actions of the defendants over periods of time prior to the time when the causes of action arose may well become material to the disposition of the present actions. Under the provision of Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A., such matters should not be stricken unless it would be unduly prejudicial to the defendants to permit them to remain. We do not find such a situation in this case. The motions to strike are denied.

In conclusion the court finds (1) that the six-year statute of limitations of the State of Michigan applies to these actions and the motions to dismiss based upon the three-year statute of limitations are denied; (2) that the Butterfield Michigan Theatre Company and W. S. Butterfield Theatres Inc., named as defendants in Civil Action No. 2164 were not named as parties defendant in United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, and that the action may be dismissed as to those defendants; (3) that the motion by Butterfield Michigan Theatre Company and W. S. Butterfield Theatres Inc. named as defendants in Civil Action No. 2191, to dismiss the action is denied; (4) that Paramount Pictures Inc. was not subject to the service of process in the State of Michigan, and cannot be brought into the State of Michigan under the terms of any statute in an action of this type and the action is dismissed as to that defendant, and (5) the motions to strike the allegations in plaintiffs' complaint are denied.