**Robert William CRAWFORD, Plaintiff-Appellant,**

v.

**Lt. Woodrow W. ZEITLER and the Toledo, Ohio, Police Dept., Defendants-Appellees.**

**No. 15174.**

United States Court of Appeals
Sixth Circuit.

Jan. 9, 1964.

Robert W. Crawford, in pro. per.

John J. Burkhart, Asst. Director of Law, Toledo, Ohio, for appellees.

Before MILLER and O'SULLIVAN, Circuit Judges, and TAYLOR, District Judge.

O'SULLIVAN, Circuit Judge.

This is an appeal from the dismissal of Robert William Crawford's complaint which charged violation of Crawford's civil rights by defendant, Woodrow W. Zeitler, a police lieutenant of Toledo, Ohio, and by defendant, the Toledo, Ohio, Police Department. The dismissal was entered upon motion therefor. The action was filed in the U. S. District Court for the Northern District of Ohio, Western Division.

Plaintiff is an inmate of one of the state prisons of Michigan, serving a 15 to 25 year sentence resulting from his conviction by a jury in the Circuit Court of Kalamazoo County, Michigan, of the crime of robbery armed. The alleged violation of plaintiff's civil rights is based on conduct of Lieutenant Zeitler and the Toledo Police Department. The Toledo officers assisted Michigan police in the apprehension of plaintiff at Toledo and his return, upon plaintiff's waiver of extradition, to Michigan to stand trial for the offense of which he was there convicted. Crawford's arrest and return to Michigan occurred in the month of April, 1957, and the suit before us was commenced on August 8, 1962.

The papers which make up plaintiff's complaint, although inexpertly drawn, may be fairly read as charging that plaintiff was falsely arrested, illegally detained, his person and automobile illegally searched, and the fruit of such search, incriminating evidence, illegally seized. Jurisdiction of the District Court is invoked and plaintiff's cause of action bottomed upon the following sections of the United States Code: §§ 1331, 1332 and 1343 of Title 28 and §§ 1982, 1983 and 1985 of Title 42. Plaintiff also relies on the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

A more complete background to this litigation can be found in the opinion of District Judge Raymond W. Starr in the case of Crawford v. Lydick, 179 F.Supp. 211 (W.D.Mich.1959), affirmed 280 F.2d 426 (CA 6, 1960), cert. denied 364 U.S. 849, 81 S.Ct. 93, 5 L.Ed.2d 72. In that case, plaintiff charged that his civil rights had been invaded by both Michigan and Ohio police officers. The conduct complained of is the same apprehension and transportation of plaintiff from Ohio to Michigan as is described in the complaint before us. Judge Starr dismissed the action.

Upon the filing of the complaint here involved, the named defendants moved to

dismiss it on the grounds, inter alia, that the Toledo, Ohio, Police Department did not exist as a suable entity, that plaintiff's cause of action, to the extent it could be construed as one for malicious prosecution or false imprisonment, was barred by the one year Statute of Limitations prescribed by § 2305.11 of the Ohio Revised Code, and that the aforesaid decision of Judge Starr in the Western District of Michigan was res judicata of the present suit. The District Judge granted the motion by a bare order without disclosure of his reasons therefor. We affirm his judgment of dismissal with the following discussion:

### 1. The Toledo Police Department

■ The complaint does not describe the Toledo, Ohio, Police Department as having a legal, suable status. If liberality inclined us to equate the naming of the police department with a charge of liability against the City of Toledo, a suable municipal corporation, such a reading of the complaint would be of no benefit to plaintiff since the city is not liable for the charged tort of officer Zeitler. Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492.

### 2. Statute of Limitations

■ To the extent that the allegations of the complaint charge malicious prosecution and false imprisonment, plaintiff's action is barred by the one year Ohio statute. § 2305.11, Page's Ohio Revised Code Anno. The complaint's charge of violation of civil rights, however, is broader than the tort described in this statute. There being no federal statute fixing a limitation on civil rights actions, the applicable statute of the forum state would control. O'Sullivan v. Felix, 233 U.S. 318, 322, 34 S.Ct. 596, 58 L.Ed. 980, 982; Mohler v. Miller, 235 F.2d 153, 155 (CA 6, 1956); 69 S.Ct. 933, Wilson v. Hinman, 172 F.2d 914, 915 (CA 10, 1949), cert. denied 336 U.S. 970, 93 L.Ed. 1121; Kenney Killian, 133 F.Supp. 571, 575–576 (W.D. Mich.1955). If pleaded, we would consider that § 2305.09, Page's Ohio Revised Code, Anno., barred plaintiff's action. That section fixes a four year lim-

itation on actions, *"For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."* The bar of such statute would constitute an affirmative defense which would have to be pleaded. It was not pleaded and would, therefore, not support the dismissal. Rule 8(c) F.R.Civ.Procedure.

### 3. Res judicata

■ Attached to defendant's motion to dismiss were copies of the papers that constituted plaintiff's complaint in the action brought in the Western District of Michigan and which complaint was held in that case not to state a cause of action. While such complaint was constructed differently and did not employ language identical to the complaint before us, a fair reading of both complaints discloses that as to the defendant-appellee, Zeitler, they both assert the same cause of action. The Michigan complaint relied on the same civil rights statute as involved in the case at bar. Basic to both are the asserted torts of false arrest, illegal search and seizure and other vaguely described conduct difficult to classify. Defendant-appellee Zeitler, named as a defendant in the Michigan action and served with process, moved to dismiss the action on the ground of lack of jurisdiction over his person and the complaint's alleged failure to state a cause of action. The District Judge sustained Zeitler's motion on both grounds, stating, "Plaintiff fails to state a claim upon which the monetary relief sought could be granted against defendants * * * Zeitler * * * under the Federal civil-rights statute hereinbefore cited." Crawford v. Lydick, 179 F.Supp. 211, 213. The fact that the District Judge dismissed the Michigan case on jurisdictional grounds as well as on the merits, does not prevent the Michigan decision on the merits from being res judicata of the cause of action attempted to be relitigated here. Florida Central Railroad Company v. Schutte, 103 U.S. 118, 143, 26 L.Ed. 327, 336. See cases gathered in the annotation at 133 A.L.R. 846.

The question of whether the conduct of defendant Zeitler constituted a cause of action was litigated in the Michigan case, and decided against plaintiff on the merits. The action before us, therefore, is barred.

Judgment affirmed.