**Guy ELLENBURG, Plaintiff,**
**v.**
**A. L. SHEPHERD et al., Defendants.**
**Civ. A. No. 2035.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 5, 1966.

**1060**

Philip M. Carden, Nashville, Tenn., Frank Bryant, Johnson City, Tenn., for plaintiff.

N. R. Coleman, Jr., Greeneville, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, Judge.

This, basically, is an action by the plaintiff for monetary damages on the claim that the defendant police officers, under color of Tennessee state law or ordinance of a municipality thereof, have subjected, and are subjecting, him to the deprivation of rights, privileges and immunities secured to him by the Constitution of the United States. Cf. Wheeldin v. Wheeler (1963), 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605, 620 [20]. Mr. Ellenburg claims that these defendants and others conspired to deprive him of his rights and committed several overt acts in furtherance of such conspiracy or conspiracies.

The defendants interposed motions seeking a dismissal of the action, or, in the alternative, a summary judgment. The grounds of the dismissal motion are (1) that the complaint fails to state a claim against them on which relief can be granted, Rule 12(b) (6), Federal Rules of Civil Procedure, and (2) that the action is barred by the applicable statutes of limitation.

The plaintiff has set forth a plain statement of the grounds upon which this Court's jurisdiction depends, a plain

statement of his claim which he contends entitles him to relief, and a demand for judgment for the relief to which he deems himself entitled. Although Mr. Ellenburg's claim might have been stated with greater brevity, his complaint satisfies Rule 8(a), *supra.*

■ Among the overt acts advanced by the plaintiff are claims purportedly constituting malicious prosecution and false arrest in 1959. These claims, as such, are barred by T.C.A. § 28–304. However, his broader charge of violation of his lawful rights is not barred by that statute. Crawford v. Zeitler, C.A. 6th (1964), 326 F.2d 119, 121 [2, 4].

This action was commenced originally in a Davidson County, Tennessee court on July 27, 1965, about six years after 1959. The state court determined finally that venue in Davidson County was lacking, and within one year from such final determination, the present action was seasonably reinstituted in this Court (on September 15, 1966). T.C.A. § 28–106.

■ There is no federal statute limiting civil rights actions, and therefore the applicable statute of Tennessee controls. Crawford v. Zeitler, *supra.* T.C.A. § 28–305 bars civil actions based on the alleged violation of any federal statute creating a monetary liability or permitting other recovery therefor, unless the action is commenced within three years from the accrual of the cause. T.C.A. § 28–310 bars any action unless filed within ten years after the accrual of a cause where no other limiting statute is applicable.

■ It is unnecessary to an adjudication of this part of the defendant's dismissal motion for the Court now to decide whether T.C.A. § 28–305 or T.C.A. § 28–310 is applicable. Neither is the Court required to determine whether the plaintiff will be permitted to prove the alleged 1959 acts of the defendants as

mere overt acts in support of the claimed conspiracy or conspiracies or whether such evidence is barred by T.C.A. § 28–304. In any event, the plaintiff's action is not barred by any statute of limitation ■ sufficient to warrant a dismissal on that ground.

■ This action by Mr. Ellenburg has strong overtones of public interest. Police officers who act properly under a warrant or other lawful process, which is regular on its face, and which has been issued by a court possessing general jurisdiction over the subject matter, are protected from civil liability for such acts under ordinary circumstances. Erskine v. Hohnbach (1872), 81 U.S. 613, 20 L.Ed. 745. This is true of their good faith attempt to enforce, without malice, oppression or wanton disregard of the rights of a citizen, an unconstitutional ordinance which has not theretofore been declared judicially to be invalid. Goodwin v. Guild (1895), 94 Tenn. 486, 29 S.W. 721. Where their motives and intent are proper, law enforcement officers are accorded this immunity because " * * * the threat of damage suits would otherwise 'inhibit the fearless, vigorous and effective administration of policies of government' and 'dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties' * * * ". McNabb v. Tennessean Newspapers, Inc., C. A. Tenn. (1965), 55 Tenn.App. 380, 396, 400 S.W. 2d 871, 878, certiorari denied (1966), by Tennessee Supreme Court, citing and quoting from Barr v. Matteo (1959), 360 U.S. 564, 575, 79 S.Ct. 1335, 3 L.Ed. 2d 1434, 1441 [3, 4, 5]. Officers who act under a search warrant, properly supported by affidavit[s] and issued after judicial approval, in making a search and seizure of property are protected by such warrant from civil liability, Taylor v. United States (1845), 44 U.S. 197, 11 L.Ed. 559; Carroll v. United

States (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, provided that, in cases where the securing of a warrant is reasonably practicable, it is used, *idem.,* and where a judicial officer, rather than a law enforcement officer, has decided that a search is to be authorized. Marcus v. Property Search Warrant (1961), 367 U.S. 717, 81 S.Ct. 1708, 6 L.Ed.2d 1127[6].

■ However, in determining liability under the Civil Rights Act, 42 U.S.C. § 1983, it is immaterial whether the defendants' conduct is legal or illegal as a matter of state law. McNeese v. Board of Education, etc. (1963), 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622. In other words, the unlawfulness of the action of a law enforcement officer does not depend solely and alone on the validity of the process: It " * * * may be 'technically correct,' yet still abusive. * * * " Wheeldin v. Wheeler, *supra,* 373 U.S. at 656, 83 S.Ct. at 1447, 10 L. Ed.2d at 614 [16]. If there is shown to be present, on the part of the officers engaged in duties entrusted to them, malice, oppression, or wanton disregard of the rights of an individual citizen, Goodwin v. Guild, *supra,* the officer is accountable in damages to the citizen for the consequences of his (the officer's) wrongdoing. Wheeldin v. Wheeler, *ibid.* The individual citizen is protected by the federal Constitution and statutes enacted pursuant thereto, further, from the unlawful administration of a state statute or municipal ordinance by officers, whether statewide or local, if there is in such official action of the policeman an element of intentional or purposeful discrimination.

■ Police officers, in other words, are not handed with their commissions and badges the right to decide against which alleged law violater the law will be enforced and against which it will not be enforced. Any such discrimination may appear on the face of the action taken or only be extrinsic evidence which shows a discriminatory design to favor one individual over another. But a discriminatory purpose is never presumed from the action of an officer. There must be a showing of " * * * clear and intentional discrimination * * *." Morgan v. Sylvester, D.C.N.Y. (1954), 125 F.Supp. 380, 387 [12], affirmed C.A.2d (1955), 220 F.2d 758, certiorari denied (1955), 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, rehearing denied (1955), 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805.

■ Thus, a critical issue in this action is whether Mr. Ellenburg can demonstrate improper motivation or intent on the part of the defendants in furtherance of any conspiracy or conspiracies which one or more of them 'may have joined as aforesaid. It is evident from the affidavits filed in support of the defendants' alternative motion for a summary judgment, and those filed in opposition thereto by the plaintiff, that a genuine issue of material fact exists between Mr. Ellenburg and the Greeneville police officers in this area. Rule 56, Federal Rules of Civil Procedure, does not permit entry of a summary judgment under these circumstances.

The plaintiff Mr. Ellenburg is entitled to the opportunity to undertake to bring forth evidence herein which would entitle him to recover from the defendants any damages they may have caused him by improper or unlawful action. Accordingly, the motion of the defendants for a dismissal and for a summary judgment hereby is

Denied.

Each of the parties hereto is entitled to the benefit of a fair and impartial jury. The impaneling of such is hindered by the appearance in public media of statements by any of the litigants or their counsel.

This Court has great respect for the constitutional guarantee of freedom of the press and will interfere with the exercise of that freedom only under the most extreme conditions. However, each litigant herein is now properly before this Court, and there will be no hesitancy in the issuance of an injunction to prohibit the "trial-by-public media" of this

lawsuit, should future circumstances warrant such action. The prominent display in the Greeneville public press of a statement by one of the defendants was highly improper and must not be repeated. There are also detailed reports in the press of pretrial testimony.