**Dred Scott MADISON, Plaintiff-Appellant,**

v.

**Marie WOOD, Manley E. Brown, J. Warren Eardley, Evangeline Lamberts, Joseph Van Dyke, George Bean, William Johnson, Harry Faber, Francis Pierce, Henry B. Nabers, the City of Grand Rapids and the Civil Service Board of the City of Grand Rapids, Defendants-Appellees.**

No. 18615.

United States Court of Appeals
Sixth Circuit.

April 24, 1969.

Wallson G. Knack, Grand Rapids, Mich., for appellant; Warner, Norcross & Judd, Grand Rapids, Mich., on brief.

Wendell A. Miles, Grand Rapids, Mich., for appellees; Steven L. Dykema, City

Atty., Grand Rapids, Mich., James R. Brown, Dutchess, Mika, Miles, Meyers & Beckett, Grand Rapids, Mich., on brief.

Before PHILLIPS, CELEBREZZE and McCREE, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellant instituted an action against Appellees in the United States District Court for the Western District of Michigan under the Civil Rights Act, Sections 1983 and 1985 of Title 42 U.S.C. He alleged that he was a member of the City of Grand Rapids Police Department and that Appellees wrongfully deprived him of certain rights arising under the Fourteenth Amendment by demoting him from Sergeant to Patrolman on July 16, 1962, because he was a member of the Negro race. In his original complaint, filed May 12, 1967, Appellant prayed for damages for loss of wages, and for reinstatement to his former position in the Grand Rapids Police Department. He also prayed that the Court permanently enjoin Appellees from discriminating against him in his job assignments and grant him "any further equitable relief that the Court may deem equitable and proper."

On January 29, 1967, Appellees moved that Appellant's action be dismissed on the ground that it was barred by the applicable statute of limitations. On August 14, 1967, Appellant amended his complaint deleting all reference to Section 1985 and striking all claims for damages for loss of wages. The only claims remaining thereafter were those for equitable relief under Section 1983[1], namely, reinstatement, injunction, and any further relief that the Court may deem proper. A hearing was held December 12, 1967 on Appellees' motion and the Court entered an order on that date dismissing the complaint. Appellant appeals from that order.

The main question before us is whether Appellant's remedies are outlawed by a three-year Michigan statute of limitations applicable to actions to recover damages for "injuries to person or property." We conclude that the three-year statute applies and affirm the judgment of the District Court.

When Appellant's alleged cause of action arose, the relevant portions of the Michigan statutes of limitations provided as follows:

"All actions in any of the courts of this state shall be commenced within 6 years next after the causes of action shall accrue and not afterward, *except as hereinafter specified:* Provided, however * * *

"Actions to recover damages for injuries to person or property * * * shall be brought within 3 years from the time said actions accrue, and not afterwards; * * *." C.L.Mich.1948, § 609.13; M.S.A. § 27.605 (Emphasis added)

Appellees contend that Appellant's claim is an action "hereinafter specified" within the meaning of the three-year provision of M.S.A. § 27.605.[2] Appellant, however, urges that since his cause of action cannot be characterized as an "action[s] to recover damages for injuries to person or property", the six-year provision controls. If Appellant is correct in his contention, since his cause of action, assuming he has one, accrued in 1962, he is not barred from asserting it as he filed his complaint before the six-year period

---

1. "§ 1983. Civil action for deprivation of rights.

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2. M.S.A. § 27.605 was superseded on January 1, 1963 by Michigan's Revised Judicature Act, C.L. '48 Sec. 600.5801 et seq.; M.S.A. 27A.5801 et seq. Appellant's claim, having arisen prior to the enactment of the Revised Judicature Act, is controlled by M.S.A. § 27.605. See C.L. '48 Sec. 600.9905; M.S.A. 27A.9905.

elapsed. Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956).

■ Section 1983 provides federal remedies to persons deprived under the Fourteenth Amendment of due process or equal protection of the laws by individuals acting under color of law. The purpose behind that Section was to establish federal remedies "where the state remedy, though adequate in theory, was not available in practice." Monroe v. Pape, 365 U.S. 167, 174, 81 S.Ct. 473, 477, 5 L.Ed.2d 492 (1961). Relief against individuals so acting may be obtained by "an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. These flexible remedies effectively utilize the concurrent jurisdiction in law and equity of federal courts to grant whatever relief may be appropriate.[3]

■ Since the Civil Rights Act and the federal statutes do not contain a statue of limitations for actions brought under Section 1983, we will apply the most analogous period of limitations under Michigan law. Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968); Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964); Mohler v. Miller, 235 F.2d 153 (6th Cir. 1956); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1957). For instance, in Mulligan v. Schlachter, 389 F.2d 231 (6th Cir. 1968), Plaintiff alleged as a cause of action under Section 1983 an unlawful arrest and search by police officers. This Court "look[ed] to the most analogous statute of limitations of the state where the cause of action arose" and held that Plaintiff's claim was barred under a two-year Michigan statute of limitations applicable to "actions charging false imprisonment, malicious prosecution, or misconduct of sheriffs and their deputies." On the other hand, in Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964) this Court applied a general Ohio statute because Plaintiff's complaint alleged tortious conduct that was broader than and not analogous to the specific "tort[s] described in [these statutes]," that is, malicious prosecution and false imprisonment. We must therefore determine which part of M.S.A. § 27.605 would be applicable to Appellant's claim had he brought an action for similar injury in a Michigan court. To do this we must determine what exactly Appellant is claiming. Moviecolor, Ltd. v. Eastman Kodak Co., 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir. 1961).

Appellant, in seeking redress for a denial of equal protection under the Fourteenth Amendment, is complaining of a tortious invasion of his right to pursue his chosen profession. Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L. Ed. 1423 (1939); see Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1913). And he urges that this tortious invasion amounted to so much more than an " * * * injur[y] to person or property" that the three-year statute cannot be applied by analogy to bar his claim. Since no Michigan court has dealt squarely with the breadth to be given to the terms "person" or "property" contained in that Statute, Appellant relies on Schreiber v. Lowe's, Inc., 147 F.Supp. 319 (W.D.Mich.1957) as an expression of the scope of the three-year provision.

In *Schreiber*, the District Court held that the three-year provision did not apply to a claim that arose under Section 15 of the Clayton Act, 15 U.S.C. § 12 et seq. This Section of the Clayton Act authorizes a cause of action in favor of one who has been "injured in his business or property." The District Court relied heavily on Chattanooga Foundry & Pipe

---

3. The nature of the injury determines the appropriate remedy. For example, Fourteenth Amendment violations resulting in the following torts have entitled individuals to damages under § 1983: physical assaults, O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914), false imprisonment, Crawford v. Zeitler, 326 F.2d 119 (6th Cir. 1964), and arbitrary searches, Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). On the other hand, in Swan v. Board of Higher Education of City of New York, 319 F.2d 56 (2d Cir. 1963) plaintiff sought specific equitable relief to enjoin an allegedly discriminatory expulsion from college.

Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906) where the Supreme Court, in an opinion by Mr. Justice Holmes, held that the cause of action stated in Section 15 could not be limited to injuries to property per se no matter how broad a connotation is given to the term "property".[4] After quoting at length from the Chattanooga Foundry & Pipe Works case, the District Court in *Schreiber* concluded: "For this reason this court is satisfied that the plaintiffs are not bound by the three-year provision of the Statute of Limitations * * *."

The *Schreiber* case is of no help to Appellant. It simply holds that the statutory cause of action stated in Section 15 of the Clayton Act is by its terms too broad to be confined within the three-year penumbra of M.S.A. § 27.605.

■ More to the point is Krum v. Sheppard, 255 F.Supp. 994 (W.D.Mich. 1966), affirmed on appeal by an order of this Court, Krum v. Sheppard, 407 F.2d 490 (6th Cir. 1967). In that case, the District Court applied the three-year statute on the ground that a deprivation of civil rights results in injury to the person. The Court said:

"The Fourteenth Amendment protects the most fundamental personal rights and liberties guaranteed to any citizen of the United States. When one is deprived of his civil rights, it is clear that the injury is to his person and that he is the only one who has standing to sue." Krum v. Sheppard, 255 F.Supp. 994 at 997.

The essence of an action under § 1983 is, as the Court recognized, a claim to recover damages for injury wrongfully done to the person. Henig v. Odorioso, 385 F.2d 491 (3rd Cir. 1967). Appellant's claim that he was deprived of personal liberty through alleged discrimination practiced by Appellees amounts to just that.[5] Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1913).

■■ We hold that Appellant's claim is controlled by the three-year provision of M.S.A. § 27.605. We conclude, moreover, that his claim is outlawed even though he amended his complaint to seek purely equitable relief because "equity will withhold its relief * * * where the applicable statute of limitations * * * bar[s] the concurrent legal remedy." Cope v. Anderson, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602, 1607 (1947); Swan v. Board of Higher Education of City of New York, 319 F.2d 56 (2d Cir. 1963). True, a remedy at law solely for damages would not have been adequate to restore Appellant to his former position as police sergeant, but the fact that Appellant

---

4. In the *Chattanooga Foundry & Pipe Works* case the Supreme Court had to determine whether the claims under Section 15 of the Clayton Act fitted into a Tennessee statute that only applied to "actions for the detention or conversion of personal property." The Court said: "But there is a sufficiently clear distinction between injuries *to* property and 'injured *in* his business or property,' the latter being the language of the act of Congress. * * * [W]hen a man is made poorer by an extravagant bill we do not regard his wealth as a unity, or the tort, if there is one, *as directed against that unity as an object. We do not go behind the person of the sufferer.* We say that he has been defrauded or subjected to duress, or whatever it may be, and stop there." 203 U.S. 390, 398, 27 S.Ct. 65, 67, 51 L.Ed. 241. (Emphasis added).

5. Appellant's contention that he could have proceeded under § 1983 on some theory of breach of his employment contract with the City of Grand Rapids is, we believe, effectively disposed of by State Mutual Cyclone Ins. Co. v. O & A Elec. Co-op., 5 Mich.App. 452, 146 N.W.2d 823 (1966). The Michigan Court of Appeals held that the three-year provision applies to claims for damages to person or property arising out of tort or implied contract. The Court noted that the six-year provision would apply where an action to recover such damages arises out of an express contract. In proceeding under § 1983, however, Appellant seeks redress for alleged interference with personal rights arising through a tortious denial of equal protection and not out of breach of an express contract.

amended his complaint to seek purely equitable relief does not transform his claim into a purely equitable one allowing him to escape the bar of the statute of limitations. Dixie Margarine Co. v. Shaefer, 139 F.2d 221 (6th Cir. 1943). Because of the nature of the alleged wrong done to him, Appellant had a concurrent remedy at law for damages which, because of its inadequacy, entitled him to come into equity for more appropriate relief. Since we hold that Appellant's legal remedy was barred by M.S.A. § 27.605, any equitable relief he may seek must also be barred.

Affirmed.