**Manuel Pagan VIERA**

v.

**The Hon. Roberto SÁNCHEZ-VILELLA, Governor of the Commonwealth of Puerto Rico, et al.**

**Civ. No. 472-68.**

United States District Court, D. Puerto Rico.

June 3, 1971.

Santos P. Amadeo, Río Piedras, P. R., for plaintiff.

Arturo Aponte-Pares, Atty., Dept. of Justice, San Juan, P. R., for defendants.

## OPINION and ORDER

FERNANDEZ-BADILLO, District Judge.

This civil action was brought under 42 U.S.C. § 1983 against all the public officials charged with the execution and enforcement of Act No. 1 of December 23, 1966, known as the Plebiscite Act of 1967, 16 L.P.R.A. §§ 844–938. "Plebiscite on Political Status of Puerto Rico.[1]" The complaint charged that Act No. 1 violates the first, fifth, ninth and fourteenth amendments of the U. S. Constitution and is a bill of attainder. The sole relief requested is the sum of $5,000 for damages allegedly caused by defendants' unlawful enforcement of Act No. 1 which it is claimed deprived plaintiff of the aforestated constitutional rights. A motion to dismiss or quash services filed by all defendants on September 25, 1968 came to be heard on October 11, 1968 and both parties were then allowed time within which to file memoranda. The case was kept at the Clerk's office awaiting the filing of briefs and was submitted to the Court for disposition during the month of May, 1971. No action whatsoever having been taken in this case since the 1968 hearing, the same could simply be dismissed for lack of prosecution. The Court however wishes to touch upon a few matters raised by this controversy.

It should be stated at the outset that the motion to dismiss based on sovereign immunity must be denied since plaintiff is here seeking redress from defendants in their individual capacity. His action is not aimed at the Commonwealth of Puerto Rico nor does he seek to impose civil liability upon it.

I believe, however, that the action against the individual officials can-not stand. It is a settled doctrine that a law is presumed to be constitutional until proved otherwise. Madden v. Kentucky, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590 (1940); Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). The legislative act involved in this controversy has not been declared unconstitutional, being, therefore, protected by a presumption of validity.[2] Defendants, in the discharge of their duties as executive officials, enforced the plebiscite act. Plaintiff does not claim an unconstitutional exercise of power by the executive. The charge is, rather, that defendant unlawfully enforced a statute which allegedly violates plaintiff's federally guaranteed constitutional rights causing damages in the sum of $5,000.

There is a basic flaw in plaintiff's position. Defendants are all governmental officials who, in their line of duty and within the scope of their authority, were called upon and did enforce Act No. 1. Speaking on the subject of official immunity the Supreme Court has stated in Barr v. Mateo, 360 U.S. 564, 570, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), citing from Spalding v. Vilas, 161 U.S. 483, 498–499, 16 S.Ct. 631, 637, 40 L.Ed. 780:

"In exercising the functions of his office, the head of an executive department, keeping within the limits of his authority, should not be under an apprehension that the motives that control his official conduct may, at any time, become the subject of inquiry in a civil suit for damages. It would seriously cripple the proper and effective administration of public affairs as entrusted to the executive branch of the government, if he were subjected to any such restraint. He may have legal authority to act, but he may have such large discretion in the premises that it will not always be his absolute duty to exercise the authority with which he is invested. But if he acts, having authority, his

---

1. Hereinafter referred to as Act No. 1.

2. The basic allegation that prevails throughout the complaint is that the statute is unconstitutional.

conduct cannot be made the foundation of a suit against him personally for damages, even if the circumstances show that he is not disagreeably impressed by the fact that his action injuriously affects the claims of particular individuals."

The application of the immunity doctrine in civil rights cases is clearly set forth in Kirstein v. Rector and Visitors of University of Virginia (E.D.Va.1970) 309 F.Supp. 184, 189 where it was said:

"* * * The defense of official immunity should be 'applied sparingly in suits brought under § 1983'

* * * Nevertheless, it should be available to public officials who act in unquestioned good faith and in perfect accord with long standing legal principle only to find their discretionary conduct declared illegitimate under a later constitutional interpretation * * * Indeed, to hold public officials liable for acts that become unconstitutional *ex post facto* would tend to reduce popular respect for federally guaranteed rights rather than increase it."

See also Ellenburg v. Shepherd (E.D. Tenn.1966) 304 F.Supp. 1059, affirmed 406 F.2d 1331, cert. den. 393 U.S. 1087, 89 S.Ct. 878, 21 L.Ed.2d 781. To attach civil liability in the case now before me would be tantamount to penalizing the defendant officials for exercising the duty imposed upon them.

Finally, it is noted that plaintiff is not even seeking that Act No. 1 be declared unconstitutional. His sole request for relief is monetary damages. Furthermore, the vote "no" allegation which is basic in his pleading was already found to have no merit in the case of García Marrero v. Sánchez Vilella (1st Cir. 1968) 390 F.2d 158.

For the aforestated reasons, the amended complaint must be and is hereby dismissed. Judgment will be entered accordingly.