Dale **HADSELL**, Plaintiff,

v.

**FORD MOTOR COMPANY, et al.,** Defendants.

No. C–1–82–618.

United States District Court, S.D. Ohio, W.D.

June 29, 1983.

---

As previously noted, plaintiff, Dale Hadsell, filed this action on June 21, 1982, as a former employee of the Ford Motor Company against the Company and Local 863 of the UAW, claiming that his termination on June 22, 1976 was a conspiracy in violation of 42 U.S.C. § 1985 and that the failure of his Union to properly represent him gave rise to a claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. On March 7, 1983, we granted defendant Union's motion to dismiss after concluding that under either theory of liability plaintiff's claim was barred by the applicable statutes of limitation.

We held that because there was no federal statute of limitations for a 42 U.S.C. § 1985 action, the Court must apply the statute of limitations which the state court would utilize in an analogous state action. *Carmicle v. Weddle,* 555 F.2d 554 (6th Cir. 1977); *Marlowe v. Fisher Body,* 489 F.2d 1057 (6th Cir.1973). In *Crawford v. Zeitler,* 326 F.2d 119 (6th Cir.1964), the Sixth Circuit held that the four-year statute of limitations, § 2305.09, O.R.C., was applicable to injuries "not arising on contract." We held that such statute was applicable to plaintiff's 42 U.S.C. § 1985 claim.

Furthermore, we concluded that plaintiff's second cause of action alleging a breach of duty of fair representation under Section 301 also was barred. As there is no federal statute of limitation pertaining to Section 301 claims, the applicable statute of the forum state is to be applied. *See International Union UAW v. Hoosier Cardinal Corporation,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Supreme Court held that courts are to use the state statute of limitations for vacating arbitration awards which, in Ohio, is a ninety day statute. O.R.C. § 2711.13. The Sixth Circuit, in *Lawson v. Truck Drivers,* 698 F.2d 250 (6th Cir.1983) decided that *Mitchell* was to be applied retroactively, and that the Ohio statute of limitations applies to Section 301 suits against unions. On June 8, 1983, the Supreme Court of the United States decid-

William D. Haders, Cincinnati, Ohio, for plaintiff.

Daniel J. Hoffheimer, Cincinnati, Ohio, for Ford Motor Co.

Frederick G. Cloppert, Jr., Columbus, Ohio, for defendants.

SPIEGEL, District Judge.

This matter came on for consideration of the motion for reconsideration by plaintiff *pro se* (doc. 27) of this Court's Opinion and Order granting summary judgment to defendants Ford Motor Company (doc. 25) and UAW Local 863 (doc. 16). Memoranda in opposition have been filed by the defendants (docs. 29 and 31), to which a reply was filed by the plaintiff (doc. 30). For the following reasons, we conclude that plaintiff's motion for reconsideration should again be denied.

**1256**

ed *DeCostello v. Teamsters,* —— U.S. ——, 103 S.Ct. 2281, 76 L.Ed.2d 476, holding that employee suits alleging that the employer breached a collective bargaining agreement and that the union breached its duty of fair representation in handling grievances or arbitrations are governed by the six months' limitation period contained in 10(b) of the National Labor Relations Act for the filing of unfair labor charges with the NLRB; not by a state limitation period for vacating arbitration awards.

In reviewing plaintiff's motions for reconsideration and the facts in this case, it is abundantly clear that plaintiff's causes of action accrued in 1976, and that they are clearly time-barred. Accordingly, we conclude that this litigation must be brought to a conclusion, and that plaintiff's motions for reconsideration should be denied.

It is hereby ordered that the plaintiff's motion for reconsideration filed on May 26, 1983 is hereby denied.

Plaintiff has also filed a motion for an extension of time for filing of notice of appeal (doc. 28), in which he seeks an order extending to thirty days after our decision on his pending motion for reconsideration the time for filing the notice of appeal. Since plaintiff is now proceeding *pro se,* even though we have not received any notice that his original counsel has withdrawn, we believe the interest of justice dictates that his motion for an extension should be granted.

Accordingly, pursuant to Rule 4(a), Federal Rules of Appellate Procedure, the period for filing a notice of appeal is extended thirty days from the date hereof.

SO ORDERED.