908 F.2d 972
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Harmon G. AMSLER, Plaintiff-Appellant,
v.
SMITH-LUSTIG PAPER BOX MFG. COMPANY, Duvin, Flinker & Cahn,
Local 2001 & the United Paperworkers International
Union, Defendants-Appellees.
 
 No. 89-3845.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1990.
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Harmon G. Amsler, an Ohio litigant proceeding pro se, appeals the order of the district court dismissing his complaint and permanently enjoining him from representing himself as plaintiff in any future lawsuits against these defendants for claims arising out of his former employment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a wide variety of remedies and relief, Amsler sued his former employer, his employer's law firm, his union, and the union's local. He brought claims under 42 U.S.C. Secs. 1981 and 1985(3) as well as the fifth and fourteenth amendments of the Constitution. The allegations raised in Amsler's complaint stem from his discharge from employment with Smith-Lustig Paper Box Manufacturing Company on April 9, 1984.
 
 
 3
 The district court dismissed Amsler's complaint with prejudice and permanently enjoined him from representing himself in lawsuits arising from his employment with Smith-Lustig.
 
 
 4
 Upon review, we find no error. The district court correctly reasoned that Amsler failed to state a claim for which relief can be granted in regard to his constitutional claims and claims under Sec. 1981. Additionally, the district court correctly determined that Amsler's Sec. 1985(3) allegation is barred by the applicable statute of limitations.[1]
 
 
 5
 The district court did not abuse its discretion by enjoining Amsler from representing himself. Amsler has filed three previous lawsuits arising from the same facts and circumstances. All three lawsuits were dismissed. The court has the inherent power to protect the orderly administration of justice.
 
 
 6
 Accordingly, for the reasons set forth in the district court's August 9, 1989, memorandum opinion, the order of the district court is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 [1]
 Amsler's Sec. 1985(3) claim plainly exceeds the four year statute of limitations which is applicable here. Actions brought under Sec. 1985 were governed by the four-year statute of limitations of Ohio Revised Code Sec. 2305.09. Crawford v. Zeitler, 326 F.2d 119, 121 (6th Cir.1964). But see Browning v. Pendleton, 869 F.2d 989, 992 (6th Cir.1989) (en banc) (two year statute of limitations now)